(22 Misc. Rep. 516.)

LEONARD et al. v. CROW.

(City Court of New York, General Term.  February 23, 1898.)

1. ACTION ON NOTE—EVIDENCE.
    In an action on a note, the making and delivery being admitted, the note is admissible in evidence, though a witness called to identify the maker's signature said he could not be sure in regard to it, but afterwards positively identified it.

2. SAME—EXPERT TESTIMONY.
    . The making of a note being admitted, the refusal to allow a witness called to prove the maker's signature to be examined as to his expert knowledge of handwriting is not ground for reversal.

3. APPEAL—REVIEW.
    Where the evidence is conflicting, the verdict of the jury is conclusive.

Appeal from trial term.

Action by Jacob Leonard and others against Moses R. Crow.  From a judgment entered on a verdict for plaintiffs, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and SCHUCH-MAN, JJ.

Franklin Bien, for appellant.

C. H. & J. C. Young & Terry, for respondents.

CONLAN, J.  This is an appeal from a judgment entered on the verdict of a jury and from an order therein made for a new trial. The action is brought, as appears by the complaint, on a promissory note made by the defendant to the order of the plaintiffs for the sum of $1,036.48.  The answer admits the making of the note, but it denies that there was any consideration paid, and then sets up as a defense that the same was an accommodation, and that the defendant never was indebted to the plaintiffs, but made the note upon representations made by the plaintiffs to him which induced the giving of the note in suit.  The note in suit was one of a number of renewals given for the original note which was the basis of the transaction between the parties.  These renewals had been 18 in all. During the progress of the trial a number of exceptions were taken in the defendant's behalf to the rulings of the court on the questions touching the admissibility of certain evidence, and it is upon these rulings chiefly that reliance seems to be placed for a reversal of the judgment.  We cannot think that counsel is serious in some of his contentions; for instance, his objection to the introduction in evidence of the note in suit, in view of the statement of witness called to prove the signature of the defendant, namely, "I cannot be sure in regard to the note."  That was in answer to the question whether he ever saw the defendant sign it, when the making and delivery were expressly admitted by the answer, and the subsequent identification of the signature was positively made by the witness; and his insistence upon the right to examine the witness as to his expert knowledge of the handwriting, in view of the admissions already referred to, seems to us too trivial for serious consideration, and we are not in accord with the contention that this was sufficient for a reversal.

We do not find in the case as made any evidence in support of the defense alleged in the answer, namely, that of accommodation. The evidence adduced was upon the theory that the note was given under an order or assignment by a third party to whom the defendant was indebted. It was claimed in his behalf that he did not owe this third party anything, but that there was an indebtedness in favor of said party in the New York & Westchester Water Company, and it was claimed that the original of the note was given upon an understanding that it was not to be paid unless this debt was collected from the water company, and that it had not been collected. The evidence of Youngman, the plaintiffs' witness, who had the negotiations with the defendant for the making and delivery of the original note, upon this branch of the case, is: When he called upon the defendant with the order of Milligan & Co., who claimed that the defendant was indebted to them, the defendant said to him that he would investigate and see how much he owed them; and subsequently the note was given to cover so much of the debt as was found due from the defendant to Milligan & Co., and as represented by the order for payment to the plaintiffs. This, of course, the defendant denies.

We have examined with great care the other exceptions taken by the defendant in the course of the trial, and are of the opinion that the objections of the defendant were properly disposed of by the trial justice, and that such disposition was not prejudicial to him. The case was submitted to the jury on all the evidence. There was a conflict, and we think his disposition of it was the correct one. Our attention is not invited to the consideration of a single authority upon the appellant's brief which calls for an interference with the conclusions reached upon that submission. It has been well said in the case of People v. Sutherland, 154 N. Y. 345, 48 N. E. 518: "Where there is a conflict in the evidence, or where opposing inferences are to be drawn from the facts, it is the province of the jury to determine what the truth is, and the verdict, under such circumstances, is conclusive upon the court."

For these reasons we think the judgment should be affirmed. Judgment affirmed, with costs. All concur.